**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52853**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>CALEB BRODIE DAVIS,<br><br>    Defendant-Appellant. | Filed: February 20, 2026<br><br>Melanie Gagnepain, Clerk<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of one and one-half years, for felony possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

————————————————————————

PER CURIAM

    Caleb Brodie Davis pleaded guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of five years, with a minimum period of incarceration of one and one-half years. Davis appeals, contending that his sentence is excessive.

    Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

1

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Davis's judgment of conviction and sentence are affirmed.